IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON FREEMAN, | No. C 03-5440 MJJ (PR) |
| Plaintiff, | **ORDER GRANTING REQUEST FOR VOLUNTARY DISMISSAL** |
| v. | |
| DEPUTY GUSTIN, et al., | (Docket Nos. 136, 139, 142, 143) |
| Defendants. | |

Plaintiff, formerly a California state prisoner, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The matter came before the Court for a pretrial conference on March 6, 2008 with appearances by plaintiff and by defense counsel. At the conference, plaintiff indicated that he wished to voluntarily dismiss this case, and defense counsel indicated that they had no objection to such dismissal. After the Court explained to plaintiff that such a dismissal may preclude him from raising his claims in the future, plaintiff indicated that he understood and that he nevertheless wished to dismiss this case.

After service of an answer or summary judgment motion, the plaintiff must obtain court approval to dismiss: "The action shall not be dismissed at the plaintiff's instances save upon the order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ P. 41(a)(2). The court must exercise its discretion to determine whether to allow dismissal at all and if so, whether the dismissal should be with or without prejudice and what terms and conditions, if any, ought to be imposed. See Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). If, as is the case here, the plaintiff does not

G:\PRO-SE\MJJ\CR.03\freeman.vol.wpd

specifically request dismissal without prejudice, the district court may decide in its own discretion whether to dismiss the action with or without prejudice and need not first seek the plaintiff's consent. Hargis v. Foster, 312 F.3d 404, 412 (9th Cir. 2002). .

Plaintiff stated at the pretrial conference that he wished to withdraw the case because he was unable to present witnesses or evidence in support of his claims. Plaintiff then made general allegations that his witnesses had been threatened and evidence had been stolen. Plaintiff has not specified the names of any threatened witnesses, who threatened them, the date or time of such threats, or what evidence had been stolen. Moreover, the January 16, 2008 pretrial order gave plaintiff until January 25, 2008 to identify the witnesses and exhibits he wished to present, and to notify the Court if he wished to have the Clerk issue or the United States Marshall serve subpoenas on any witnesses. Plaintiff did not submit a witness or exhibit list until January 29 and February 1, 2008, and he never submitted a request for a subpoena. The February 13, 2008 pretrial order gave plaintiff until February 22, 2008 to submit any proposed writ or other order to the Court to ensure the presence of any incarcerated witness at trial, but plaintiff never submitted such a request. Plaintiff also did not indicate to the Court prior to the pretrial conference that any witnesses were being threatened.

The Court also notes that there is no good cause for continuing this matter any longer. This case has been pending for over four years, including nearly two years since the resolution of dispositive motions. In addition, plaintiff has been out of custody for some of the time while this case was pending, including in the weeks prior to the pretrial conference.. The Court located and appointed pro bono counsel for plaintiff, and thereafter contacted several other attorneys for possible representation of plaintiff on a pro bono basis after such counsel withdrew.[1] Plaintiff had ample time and resources to prepare for trial in this relatively simple case, involving a single incident of the alleged use of excessive force against him.

In light of plaintiff's request to voluntarily dismiss this case, his indication that he understood the consequences of such dismissal, his failure to substantiate or timely raise his

---

[1] These attorneys declined appointment after meeting with plaintiff.

G:\PRO-SE\MJJ\CR.03\freeman.vol.wpd        2

allegations of threats to witnesses and stolen evidence, defendants' lack of objection to the dismissal, and for the reasons set forth by the Court at the pre-trial hearing on March 6, 2008, plaintiff's request for voluntary dismissal is GRANTED, and this case is hereby DISMISSED under Rule 41(a) of the Federal Rules of Civil Procedure. As plaintiff requested dismissal on the eve of trial, the Court finds that dismissal with prejudice is warranted due to the substantial time and expense to defendants in defending this case and preparing for a trial.

This order terminates Docket Nos. 136, 139, 142 & 143.

The clerk shall close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: 3/10/2008

MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.03\freeman.vol.wpd    3